```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Edward D. Heidenescher,

    Plaintiff,

    v.                          Case No. 2:14-cv-344

Gary Mohr, et al.,

    Defendants.

<u>ORDER</u>

    This is an action under 42 U.S.C. § 1983 brought by Edward D. Heidenescher, a state inmate incarcerated at North Central Correctional Institution, a prison in Marion County, Ohio, against Ohio Governor John Kasich, Gary Mohr, Director of the Ohio Department of Rehabilitation and Correction, and other prison employees. Plaintiff alleges that his property and person were not protected from theft, threats and assault by other inmates, that he was denied proper medical treatment, and that he was subjected to inhumane conditions of confinement, including unsanitary conditions and cold food. He alleges that inmates stole items purchased from the prison commissary from his locker, and that defendants Shuller and White refused to reimburse him for the theft with money or other commissary items. He alleges generally that he was subjected to cruel and unusual punishment, and was denied due process, equal access, and equal protection.

    On May 9, 2014, the magistrate judge filed a report and recommendation on the initial screen of plaintiff's complaint pursuant to 28 U.S.C. § 1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss

a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a)-(b)(1). The magistrate judge concluded that plaintiff's complaint fails to state a claim against defendants Kasich and Mohr, and recommended that they be dismissed from this action. See Doc. 4, pp. 5-7. The magistrate judge further noted that insofar as plaintiff sought monetary relief against these defendants in their official capacities, those claims were barred by the Eleventh Amendment. Doc. 4, p. 6. The magistrate judge also concluded that because plaintiff's remaining claims concern acts which allegedly occurred in Marion County, Ohio, and are asserted against defendants who reside in Marion County, venue is not proper in the Southern District of Ohio. Doc. 4, p. 6 (citing 28 U.S.C. § 1391). The magistrate judge recommended that this action be transferred pursuant to 28 U.S.C. § 1406 or § 1404(a) to the United States District Court for the Northern District of Ohio, Western Division at Toledo, which serves Marion County. Doc. 4, pp. 6-7.

This matter is before the court for consideration of plaintiff's objection (Doc. 6) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

I. Standards of Review

As the magistrate judge explained, 28 U.S.C. § 1915(e) requires <u>sua sponte</u> dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. <u>Grinter v. Knight</u>, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under § 1915(e) apply the motion to dismiss standard. <u>See</u>, <u>e.g.</u>, <u>Hill v. Lappin</u>, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to a review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Bishop v. Lucent Techs., Inc.</u>, 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." <u>Mezibov v. Allen</u>, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. <u>Id.</u> While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

3

544, 555, 570 (2007). Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Federal Rule of Civil Procedure 8(a)(2). Id.

II. Plaintiff's Claims Against Kasich and Mohr

Plaintiff objects to the recommendation of the magistrate judge that defendants Kasich and Mohr be dismissed from this action. Although plaintiff has named Governor Kasich and Director Mohr as defendants, the complaint fails to allege facts concerning their involvement in the acts alleged in the complaint. As to Governor Kasich, plaintiff alleges in the complaint that Kasich was "in full & individual capacity[] responsible. This was cruel and unusual punishment." In regard to Director Mohr, the complaint contains no allegations other than to state that he is being named as a defendant.

The magistrate judge correctly noted that to sufficiently plead a violation under § 1983, plaintiff must allege "personal involvement" because there is no respondeat superior liability under § 1983. Grinter, 532 F.3d at 575. To hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct[.]" Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009). Plaintiff's complaint contains no factual allegations indicating that defendants Kasich and Mohr had any involvement in the alleged violations of his constitutional rights.

In his objections to the report and recommendation, plaintiff states that "after writing this suit" he complained to defendants Kasich and Mohr "in regards to conditions[,] violations & fear for

4

life & robbery" and that afterwards he was assaulted by other inmates. Doc. 6, p. 2. However, § 1983 liability cannot be based on mere knowledge or failure to act. See Grinter, 532 F.3d at 576 (failure to act by prison officials does not subject supervisors to liability); Ingram v. Jewell, 94 F.App'x 271, 273 (6th Cir. 2004)(allegations that defendants had knowledge of plaintiff's claims not sufficient for liability under § 1983; supervisory liability must be based on active unconstitutional behavior, not on the mere failure to act); Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999)(supervisory liability cannot be based on the mere failure to act). Plaintiff has included no additional factual allegations in his objection which would indicate that defendants Kasich and Mohr implicitly authorized, approved, or knowingly acquiesced in any of the alleged unconstitutional conduct by other prison employees. This court agrees with the conclusion of the magistrate judge that plaintiff's complaint fails to state a claim against defendants Kasich and Mohr.

Plaintiff has advanced no objection to the conclusion of the magistrate judge that any claim for monetary damages against these defendants would be barred by the Eleventh Amendment, see Mixon v. State of Ohio, 193 F.3d 389, 397 (6th Cir. 1999), and this court agrees with that conclusion. This court also notes that plaintiff has not objected to the conclusion of the magistrate judge that venue in this district is improper, or to the recommendation of the magistrate judge that this action be transferred to the Northern District of Ohio. Regardless of whether venue in this district was proper at the time of filing, the court finds that a transfer of this action to the Northern District of Ohio, be it under the

5

authority of 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a), is in the interest of justice and appropriate for the convenience of the parties and witnesses.

III. Conclusion

    Having reviewed the report and recommendation and plaintiff's objection in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court finds that plaintiff's objection is without merit. For the foregoing reasons, the court overrules plaintiff's objection (Doc. 6), and adopts and affirms the magistrate judge's May 9, 2014, report and recommendation (Doc. 4). Plaintiff's claims against defendants Kasich and Mohr are hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted. Pursuant to 28 U.S.C. §§ 1404(a) and/or 1406(a), this action is hereby transferred to the United States District Court for the Northern District of Ohio, Western Division at Toledo.

Date: May 30, 2014              _____s/James L. Graham_____
                                               James L. Graham
                                               United States District Judge