UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edward D. Heidenescher,       Case No. 3:14-cv-1176

    Plaintiff

  v.       MEMORANDUM OPINION
         AND ORDER
Gary Mohr, *et al.*,

    Defendants

Plaintiff, Edward D. Heidenscher, a state prisoner proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against multiple defendants. He alleges unconstitutional conditions of his confinement. The United States District Court for the Southern District of Ohio, where the plaintiff originally filed the action, dismissed the plaintiff's claims against Defendants Gary Mohr and John Kasich with prejudice pursuant to 28 U.S.C. § 1915(e) and 1915A and then transferred the plaintiff's claims against the remaining defendants to this venue. The remaining named defendants are Warden Neil Turner, "CO Mills," Sgt. Skidmore, Mrs. Holley, Mrs. Donna White, Deputy Warden Joyce, and John Doe doctors. The plaintiff's complaint as against the remaining defendants is now before me for initial screening. For the reasons stated below, the complaint is dismissed against these remaining defendants pursuant to 28 U.S.C. § 1915(e) and 1915A.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an *in forma pauperis* action at any time under 28 U.S.C. § 1915(e)(2)(B) if the court concludes the complaint fails to state a claim upon which relief may be granted. Similarly, 28 U.S.C. § 1915A requires a district court

to dismiss any civil action filed by a prisoner seeking relief from a governmental entity as soon as possible after docketing if the court concludes the complaint fails to state a claim. The district court must construe a complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89 (2007). The court, however, is not required is not required to accept as true legal conclusions or unwarranted factual inferences. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). Furthermore, the liberal construction afforded *pro se* pleadings has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A *pro se* plaintiff is required to plead sufficient factual content to allege a claim that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ANALYSIS

Although the plaintiff alleges a litany of problems with the conditions of his confinement, the only specific factual allegations he sets forth in his complaint pertain to events that occurred on March 24, 2014. He alleges that on March 24, he went to the commissary and spent $100 on food and hygiene products and put the items in his locker box. Another inmate subsequently robbed his locker box and threatened him. Plaintiff alleges he reported this conduct to "CO Mills" but she "did nothing," nor did Warden Turner, Sgt. Skidmore, or Mrs. "Hooly." The plaintiff alleges these defendants did not "protect him" or replace the commissary items stolen from him, and the other inmates beat and assaulted him on March 24th. He alleges he reported to "All Defendants Warden N. Turner & Deputy Warden Joyce and Mrs. Shuler & Captins & Doctors & Nurses along with All by informal Complaints, Kites, and Grievances and in person" that he feared for his life after the other inmates kicked his locker box open and robbed him of $100 in products, but "these Defendants . . . Disregarded" his complaints. Rather, the plaintiff alleges the defendants knowingly encouraged and condoned the assaults on him and failed to protect him.

Even when liberally construed, however, the plaintiff's complaint alleges insufficient factual content to support a plausible claim for relief against the defendants under Section 1983, which requires a plaintiff to prove he was deprived of rights secured by the Constitution or laws of the United States by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 590 (6th Cir. 2003).

First, the plaintiff's allegations are insufficient to state a claim under § 1983 based on the theft of his commissary items by other inmates. The inmates who stole the plaintiff's property are not state actors, and allegations of theft by the other inmates are insufficient to allege a constitutional claim against prison officials. *See, e.g., Truss-El v. Bouchard*, No. 03-1084, 2004 WL 1447653, at *2 (6th Cir. June 18, 2004); *Dellis v. Corrections Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (finding allegations by state prison inmates of theft of their property by other inmates insufficient to state a claim against prison officials under § 1983).

Second, although prison officials have a duty under the Eighth Amendment to protect prison inmates under their supervision from intentional violence visited upon them by other inmates, the plaintiff has not pled facts sufficient to state a plausible Eighth Amendment claim against any of the defendants on this basis. The test for determining whether prison officials have violated a constitutional duty to protect an inmate is essentially the same as the test for determining whether prison officials were deliberately indifferent to a prisoner's medical needs. That is, in order to establish liability, the inmate must show that the prison official in question was "deliberately indifferent to a substantial risk of serious harm to the inmate." *Williams v. McCain*, No. 07-12502, 2008 WL 2795952, at * 5 (E.D. Mich. July 18, 2008), citing *Green v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). This test requires the plaintiff to prove both objective and subjective components, including showing that the prison official being sued "subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Williams*, 2008 WL 2795952 at * 5, citing *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). Although the allegations in the plaintiff's complaint, viewed liberally in his favor, suggest the plaintiff

3

himself feared he would be attacked by other inmates, and that he reported the theft of his property and threats made to him by other inmates to the "Defendants," the plaintiff does not allege any facts in his complaint that support a plausible inference that any of the prison officials and employees the plaintiff sues here actually subjectively perceived a substantial risk of harm to the plaintiff at the hands of other inmates. Instead, the plaintiff speculates in purely conclusory terms that the defendants knowingly encouraged and condoned the assaults on him and failed to protect him.

A plaintiff's factual allegations must be enough to raise a right to relief "above the speculative level" in order to survive dismissal. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff's allegations are insufficient to raise a right to relief against any of the remaining defendants above the speculative level for failure to protect under the Eighth Amendment. *See, e.g., Williams*, 2008 WL 2795952 at *5 (dismissing an inmate's failure to protect claim where inmate failed to allege facts "speaking to the [claim's] subjective component").

## CONCLUSION

For all of the reasons stated above, the plaintiff's complaint fails to state a claim under Section 1983 and is hereby dismissed pursuant to 28 U.S.C. 28 U.S.C. § 1915(e) and 1915A. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

                                                  s/ Jeffrey J. Helmick
                                                  United States District Judge